. R. W. WALLACE V. THE STATE.

No. 8325.   Delivered Oct. 7, 1925.

Rehearing denied Feb. 10, 1926.

**1.—Sale of Intoxicating Liquor—Evidence—Leading Questions—When Permissible.**

Where a witness is hostile, unwilling or reluctant, it is within the sound discretion of the trial court to permit leading questions on direct examination, and we find no error in permitting the state to propound leading questions to the witness Ashmore in the instant case.

**2.—Same—Evidence—Held, Sufficient.**

Appellant urges that the evidence is not sufficient to support the conviction. With this we cannot agree. The prosecuting witness, the purchaser, was a most unwilling witness, and it was with difficulty the state elicited his evidence, but it is positive to the point that he purchased whiskey and paid for it by check. This testimony was strongly corroborated by two other witnesses and we think fully warrants the verdict of guilty.

Appeal from the District Court of Stephens County. Tried below before the Hon. Walter F. Schenck, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Benson & Benson* of Breckenridge, *Wright Morrow* and *Chas. L. Black* of Austin, for appellant.

*Tom Garrard,* State's Attorney and *Grover C. Morris,* Assistant State's Attorney, for the state.

HAWKINS, JUDGE.—Conviction is for the sale of intoxicating liquor to one Ashmore, with punishment assessed at two years in the penitentiary.

The only bill of exception in the record complains of the court's action in permitting the state to propound to Ashmore leading questions. The bill shows that this character of examination was permitted because the witness was hostile to the state. If a witness is hostile, unwilling or reluctant it is within the sound discretion of the court to permit leading questions on direct examination. Navarro v. State, 24 Tex. Crim. App. 378, 6 S. W. 542. For collation of other authorities see

Sec. 158 Branch's Ann. P. C. It occurs to us that the witness revealed all the characteristics which permit leading questions.

The only other question raised is that the evidence is not sufficient to support the conviction. Our examination of it leaves no such impression. It is patent that the alleged purchaser was an unwilling witness and it was with difficulty the state elicited his evidence, but it is positive to the point that he purchased whiskey and paid for it by check, which he says he thinks was delivered to appellant. A woman was present and took part in the transaction. The evidence supports the theory that she and appellant were acting together as principals in the sale. Two officers who were outside the house saw Ashmore write a check and deliver it to appellant, and heard Ashmore say to appellant, "Now, save me another pint for tomorrow morning," to which appellant replied, "All right, I will have it for you."

Some mention is made in appellant's brief of certain comments and action of the learned trial judge during the examination of Ashmore. These matters were not made the subject of exception, hence are not reviewable.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

Appellant's motion for rehearing is devoted principally to alleged misconduct of the trial judge. This matter is not presented in a manner calling for review. The only bill in the record brings forward the leading questions complained of and also reveals in connection therewith statements of the judge which are now for the first time criticised. In conclusion the bill recites: "To which action of the court in overruling the defendant's objection to the leading questions the defendant then and there excepted," making no reference to any misconduct of the court in connection with ruling on the objections.

No such alleged misconduct was even mentioned in the motion for new trial. We regret that under the condition of the record we cannot consider complaint now urged for the first time in this court.

The motion for rehearing is overruled.

*Overruled.*